**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Salvador Necochea,<br><br>Plaintiff,<br><br>v.<br><br>Lowe's Home Centers LLC,<br><br>Defendant. | No. CV-19-02748-PHX-JAT<br><br>**ORDER** |

Pending before the Court are: 1) a motion to seal; 2) a sealed, lodged settlement agreement; and 3) a joint motion to dismiss the case and approve the settlement agreement. (Docs. 14, 16, and 17). Regarding the motion to seal, "FLSA settlement agreements are not typically amenable to sealing. *Joo v. Kitchen Table, Inc.,* 763 F.Supp.2d 643, 647 (S.D.N.Y.2011) (collecting cases)." *Duran v. Hershey Co.*, No. 14-CV-01184-RS, 2015 WL 4945931, at *1 (N.D. Cal. Aug. 10, 2015).

Here, the parties' justification for filing under seal include that there is no "public interest" in this litigation and that *Kamakana* does not apply to this case because there are no third parties seeking the sealed information. (Doc. 14 at 3-4).[1] Whether there is currently public interest in the litigation, however, is not the test under either *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) or *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1096-97 (9th Cir.)*, cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). Nothing in *Madsen v. Fortis Benefits*

---
[1] The parties also suggest a public policy in favor of settlement justifies filing under seal. The Court does not find the two issues to be related.

*Ins. Co.*, 2006 WL 1981785, at *2 (D. Ariz. 2006), changed this Court's duty with respect to the presumption of public access to Court records, nor did it change the controlling law in the Ninth Circuit.

Here, the Court finds the parties have failed to justify filing their settlement under seal.

As the parties note, some courts have called into question whether court approval is actually required for settlements. (Doc. 14 at 2). Given this question, the Court will not require the parties to seek court approval. Therefore, they may either settle the case and file a stipulation to dismiss, or they may seek court approval of their settlement, not under seal. Accordingly,

**IT IS ORDERED** that the joint motion to seal (Doc. 14) is denied. Doc. 15 is stricken (but shall remain sealed) because it appears to have been filed in error; Doc. 16 shall remain lodged, under seal.

**IT IS FURTHER ORDERED** that the joint motion to approve the settlement agreement (Doc. 17) is denied, without prejudice.

**IT IS FINALLY ORDERED** that the parties shall either re-file their motion for approval and motion to dismiss, or their stipulation for dismissal, by October 15, 2019, or this case will be dismissed consistent with this Court's order at Doc. 13.

Dated this 4th day of October, 2019.

James A. Teilborg
Senior United States District Judge